UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD ALLEN,

    Plaintiff,

    v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.

_____/

Civil Action No. 16-10154
Honorable Robert H. Cleveland
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT THE
COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT AND DENY
ALLEN'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 21, 22]**

Plaintiff Ronald Allen appeals a final decision of Defendant Commissioner of Social Security denying his application for disability insurance benefits and supplemental security income under the Social Security Act. The parties filed cross motions for summary judgment [ECF Nos. 21 and 22], which were referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the Court **RECOMMENDS** that:

- the Commissioner's motion [ECF No. 22] be **GRANTED**;
- Allen's motion [ECF No. 21] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Allen's Background and Claimed Disabilities

Born July 14, 1960, Allen was 50 years old when he submitted his applications for disability benefits on August 18, 2011. [ECF No. 11-5, Tr. 215-25]. He has past relevant work as an apartment maintenance worker and a maintenance machinist. [ECF No. 11-2, Tr. 24]. Allen alleged that he is disabled by injury to his back, hip and neck, as well as by chronic pain and arthritis, with an onset date of May 25, 2011. [ECF No. 11-7, Tr. 351]. For DIB purposes, his date late insured was December 30, 2016. [ECF No. 11-2, Tr. 15].

After a hearing on September 5, 2014, which included the testimony of Allen and a vocational expert ("VE"), the ALJ found that Allen was not disabled. [ECF No. 11-2, Tr. 11-31, 59-85]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-5]. Allen timely filed for judicial review. [ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

DIB and SSI are available for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A "disability" is the

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC,

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.
[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c); § 920(c).

age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Allen was not disabled. At step one, he found that Allen had not engaged in substantial gainful activity since his alleged onset date. [ECF No. 11-2, Tr. 16]. At step two, he found that Allen had the severe impairments of "degenerative disc disease of the lumbar spine with disc herniation and bulge, degenerative disc disease of the cervical spine, degenerative joint disease of the bilateral hips, obesity, and status-post heart catheterization and coronary angiogram." [*Id.*, Tr. 17]. The ALJ concluded at step three that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 17-18].

Between the third and fourth steps, the ALJ found that Allen had the RFC to perform light work[3] with the exception of:

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered

> [H]e can lift and/or carry twenty pounds occasionally and ten pounds frequently. He can stand and/or walk up to four hours during an eight-hour workday and sit for up to four hours during an eight-hour workday. He can never climb ladders, ropes, or scaffolds, kneel, or crawl. The claimant can occasionally climb ramps and stairs, balance, stoop, and crouch. He can occasionally reach overhead with either arm. For every thirty minutes of sitting, standing, or walking, he must be able to alternate position for five minutes before resuming his prior position. He would remain on-task ninety-five percent of the workday. The claimant cannot tolerate exposure to extreme cold or extreme heat. He can tolerate occasional exposure to environmental pollutants such as fumes, dust, and smoke. He can never work around unprotected heights or uncovered, unguarded moving machinery.

[*Id.*, Tr. 18-19]. At step four, the ALJ found that Allen could not perform any past relevant work. [*Id.*, Tr. 24]. With the assistance of VE testimony, the ALJ determined at step five that Allen could perform the requirements of representative occupations such as general office clerk, assembler, and inspector, and that those jobs existed in significant numbers in the economy, rendering a finding that he was not disabled. [*Id.*, Tr. 25].

## II. ANALYSIS

This Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was

---

capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b) and 416.967(b).

made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

The Commissioner must also adhere to its own procedures, but failure to do so constitutes only harmless error unless the claimant has been prejudiced or deprived of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). An ALJ's failure to use an "adjudicatory tool" that does not change the outcome of the decision is harmless. *Id.* at 655-56.

Allen argues that his impairments clearly meet or equal Listing 1.04(A), that the ALJ erred in assessing the medical evidence with regards to that listing, and that only one subpart of the listing must be met in order for the listing to be met. While correct that only one subpart must be met, Allen is otherwise mistaken; the ALJ considered each subpart individually,

and relied on substantial evidence in determining that no listing was met.

**A.**

Listing 1.04 requires evidence of a spinal disorder "resulting in compromise of a nerve root" shown by either: (A) "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss . . . accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)"; (B) spinal arachnoiditis; or (C) "[l]umbar spinal stenosis resulting in pseudoclaudication . . . ." 20 C.F.R. § Pt. 404, Subpt. P, App. 1. Allen argues that the ALJ failed to separately address subsections (A), (B), and (C) of 1.04. But in analyzing whether Allen met the listing, the ALJ found that "there was no evidence of a compromise of a nerve root or spinal cord" or "other elements required such as a nerve root compression characterized by neuro-anatomic distribution of pain, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication." [ECF No. 11-2, Tr. 18]. The ALJ thus addressed each of the listing's subsections, and determined that Allen did not meet the requirements of any of them.

**B.**

Allen argues that he is entitled to disability benefits because "there is substantial evidence to suggest that [he] meets" Listing 1.04. [ECF No. 21, PageID 741]. That argument is misplaced because, if substantial evidence supports the ALJ's findings, the Court must uphold his decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation and internal quotations omitted). Here, the ALJ's decision is supported by substantial evidence.

As noted by the Commissioner, state agency consultant Robert Nelson, M.D., determined that Allen's impairments did not meet or equal Listing 1.04. [ECF No. 11-7, Tr. 354-56]. State agency consultants like Dr. Nelson are considered "highly qualified . . . experts in the evaluation of the medical issues in disability claims under the Act." Social Security Ruling 96-6p, 1996 WL 374180 at *2 (July 2, 1996). And Dr. Nelson's is the only medical opinion evidence in the record pertaining to whether Allen's impairment meets or equals a listing.[4] Notably, because courts lack

---

[4] Allen cites a 2014 medical source statement "by Plaintiff's doctor," but the identity and treating relationship of that doctor is unknown. [ECF No. 21, PageID 738; ECF No. 11-7, Tr. 600-01]. According to the ALJ, Allen stated that the author of the opinion was "Dr. Black," but no treatment records from this doctor were in the record. [ECF No. 11-2, Tr. 23]. Regardless,

8

medical expertise, they generally exercise caution when determining that an error with respect to an ALJ's listing analysis is harmless. *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 657 (6th Cir. 2009); *Harris v. Comm'r of Soc. Sec.*, No. 12-10387, 2013 WL 1192301, at *8 (E.D. Mich. Mar. 22, 2013). In the same vein, when a listing decision is supported by the medical opinion of a highly qualified expert, and there is no contrary medical opinion in the record, a court should consider its lack of medical expertise and hesitate to find the decision erroneous.

In addition, Allen's argument that his impairment "clearly" meets or equals Listing 1.04(A) is not persuasive. He argues that the ALJ erred in finding that there was no evidence of nerve root compromise because a July 2011 MRI showed "abutment of the exiting as well as traversing nerve roots." [ECF No. 21, PageID 743-44; ECF No. 11-7, Tr. 234, 323]. But Allen does not demonstrate that nerve root abutment equates to "nerve root compromise" as defined by the listing. To satisfy Listing 1.04(A), the claimant must demonstrate nerve root compression that is characterized by (1) neuro-anatomic distribution of pain, (2) limitation of motion of the spine, (3) motor loss accompanied by sensory or reflex loss and, (4) if there is

---

this opinion did not address any listings or address whether Allen showed evidence of nerve root compression. [ECF No. 11-7, Tr. 600-01].

involvement of the lower back, positive straight-leg raising test (sitting and supine). Listing 1.04(A). Thus, an MRI finding of nerve root abutment, alone, is insufficient to demonstrate "nerve root compromise." *See Terry v. Colvin*, No. 4:13-CV-00100-TWP-WG, 2014 WL 4542960, at *7 (S.D. Ind. Sept. 12, 2014) (upholding finding that nerve root abutment did not indicate nerve root compromise).

Allen alleges that the other required medical findings are within the record. He notes that he was found in September 2011 to have slightly decreased strength in the right lower extremity (rated as four out of five), a positive straight leg test, diminished sensation below the knee, and numbness and tingling in his right foot. [*Id.*, Tr. 345-46]. Allen cites to an April 2013 examination indicating a positive straight raising test, positive compression tests, and limited ranges of motion. [*Id.*, Tr. 428]. He cites to additional records showing a decreased range of motion of the spine. [ECF No. 11-7, Tr. 478, 482, 490, 497, 521, 527-28]. However, other records showed Allen to have full ranges of motion, normal strength and muscle tone, and a straight leg raising test was negative bilaterally in December 2012. [*Id.*, Tr. 485-86, 500-02, 507, 552, 588]. Further, as the ALJ noted, some of the findings of reduced range of motion and tenderness related directly to recent falls or other incidents. [ECF No. 11-2, Tr. 22; ECF No.

11-7, Tr. 458-59 (fell off a ladder), 484-85 (had nail in knee), 527-28 (strain due to throwing up)].

Also notable is the November 2012 medical opinion of evaluator Theodore Brooks, M.D., who found "it difficult to draw any conclusions regarding [Allen] because of many contradictions in the history and medical examination." [ECF No. 11-7, Tr. 412]. Dr. Brooks found that Allen's grip strength during testing was inconsistent with the firmness of his handshake and that a repeat of the grip test caused Allen's grip strength to double; that Allen's range of motion of the cervical spine was initially limited to thirty degrees, but later he was able to rotate his cervical spine eighty degrees; that Allen demonstrated the range of motion of his neck to be "markedly diminished," while later it appeared to be normal; and that Allen's claim of extreme pain did not coincide with his lack of taking medication or demeanor. [ECF No. 11-7, Tr. 409-12]. Dr. Brooks found that Allen's examination left "doubt as to his real disability status," and the ALJ reasonably considered that finding. [*Id.*, Tr. 412; ECF No. 11-2, Tr. 22-23].

So while Allen is able to point to evidence that falls within the criteria of Listing 1.04(A), there was substantial evidence in the record supporting the ALJ's determination that his impairments did not meet or equal that

11

listing. As such, the Commissioner's decision should be affirmed. *Blakley,* 581 F.3d at 406.

## III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 22] be **GRANTED**; that Allen's motion [ECF No. 21] be **DENIED**; and that the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 9, 2017

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 9, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
